Scott A. WALKER,
Petitioner–Appellant,

v.

Roger ENDELL, Director, of the Alaska Department of Corrections, Respondent–Appellee.

No. 86–4230.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 1987.

Decided Sept. 23, 1987.

As Amended on Denial of Rehearing and Rehearing En Banc June 27, 1988.

David Mannheimer, Asst. Atty. Gen., Anchorage, Alaska, and Ronald W. Lorensen, Acting Atty. Gen., Juneau, Alaska, for respondent-appellee.

Before FLETCHER, BOOCHEVER and NORRIS, Circuit Judges.

FLETCHER, Circuit Judge:

Scott Walker filed this habeas petition claiming that the following errors violated his right to due process: requiring him to prove duress by a preponderance of the evidence; failing to instruct the jury on the meaning of recklessness, proof of which negates the duress defense; and instructing the jury to view "accomplice testimony" with distrust. He also claimed that punishing him cumulatively for robbery and two kidnappings, which arose out of the same transaction, violated the double jeopardy clause; and that sentencing him to a lengthy prison term was the equivalent of sentencing him for murder, a charge of which he was acquitted, in violation of his fifth and sixth amendment rights. The district court, adopting the recommendation of the magistrate, denied the petition. We affirm.

## FACTS

On May 13, 1981, Walker, along with Dale Willhite and Timothy Hopkins, entered the Anchorage home of Mildred Walatka and her son, Herbert Oakley. According to Walker, the group's intent was to steal a coin collection, which Walker knew to be in the residence. Each of the three codefendants was armed. Walker stated that he was surprised when Oakley answered the door, so as prearranged he feigned car problems, planning to leave without further incident. Walker testified that Hopkins then changed the plan and they remained in the house. It was uncontroverted that while the burglars were in the house, Willhite drew his gun, and ivory and jewelry were taken.

William P. Bryson, and Walter Share, Anchorage, Alaska, for petitioner-appellant.

At gunpoint, Walatka and Oakley were then forced into their own car. With Walker driving, the five went to Walatka's bank, where she was forced to remove $600 from her account. Again with Walker at the wheel, the burglars took Walatka and Oakley away from the city, where both were shot to death. Walker assisted in hiding the bodies after the homicides.

At trial, Walker claimed that all of his actions after the feigned telephone call in the Walatka residence were motivated by a fear for his own safety and that of the two victims. He testified that he knew Hopkins had killed an accomplice when he "chickened out" in a prior burglary. Walker further testified that they were armed only because Hopkins had said a contract had been taken out on their lives. He denied shooting either Oakley or Walatka, and testified that he intended for them to remain unharmed. Willhite, who was granted immunity in return for testimony against Walker, also testified that Hopkins changed the plan by drawing his gun, and that Willhite feared Hopkins.

Walker was tried on charges of theft, burglary, robbery, two counts of kidnapping, and two counts of murder. At trial, he admitted the theft and burglary charges, and was convicted on both. The jury apparently accepted some, but not all of his controverted testimony, because he was found not guilty on either count of murder, but was convicted of robbery and both counts of kidnapping.

Judge Buckalew sentenced Walker to a cumulative term of 89 years in prison. The Alaska Court of Appeals affirmed in a published opinion, *Walker v. State*, 674 P.2d 825 (Alaska Ct.App.1983). After the Alaska Supreme Court chose not to exercise its discretionary review, Walker filed this petition for habeas corpus, challenging the kidnapping and robbery convictions.

## DISCUSSION

### I. *Duress*

Walker contends that by requiring him to prove duress by a preponderance of the evidence, the trial court and the Alaska statute, A.S. 11.81.440(a), impermissibly shifted the burden of proof on intent, in violation of due process. Due process requires that the prosecution prove every element of a crime beyond a reasonable doubt. *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977); *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). If a defense negates an element of the crime, rather than mitigates culpability once guilt is proven, it is unconstitutional to put the burden of proof on the defendant. *Takacs v. Engle*, 768 F.2d 122, 125 (6th Cir.1985). The issue, then, is whether proof of duress necessarily entails disproof of the intent elements of the crimes of robbery and kidnapping under Alaska state law.

Walker argues that an element of the crimes of robbery and kidnapping is "criminal intent," and that duress is merely the flip side of this element. His argument takes two courses: he argues, first, that under Alaska law, criminal intent is an element of the crimes, and second, that, even if criminal intent is not acknowledged as an element by the Alaska law, due process requires that criminal intent be established by the government. We reject both arguments.

Under Alaska law, a person commits robbery if he uses or threatens to use immediate force with the intent to prevent or overcome resistance to the taking of property or with the intent to compel a person to deliver property. A.S. 11.41.510. A person commits kidnapping if he restrains another with the intent to hold the person for ransom, use the person as a shield, inflict physical injury upon the person, interfere with the performance of a governmental function, or facilitate the commission of a felony. A.S. 11.41.300(a)(1). An alternative provision for the crime of kidnapping defines the crime without reference to a specific intent element. A.S. 11.41.300(a)(2). Alaska, however, does not require the state to prove a "criminal intent."

Opinion differs as to whether duress generally prevents the *mens rea* required for criminal culpability. *United States v. Mitchell*, 725 F.2d 832, 835 (2d Cir.1983).

The Court of Appeals of Alaska held in Walker's appeal that under Alaska law, duress does not preclude an intent to commit the crime, but rather is only a justification for conduct that otherwise would be criminal. *Walker,* 674 P.2d at 828–29. Under this statutory scheme, we conclude that placing the burden to prove duress on Walker was constitutional. By referring to the term, "criminal intent," Walker confuses the notions of objective and motive. The statutes prohibit particular action undertaken with a particular objective. For example, kidnapping is established if a defendant restrains another with the conscious objective of inflicting physical injury. But the reason that the defendant has this objective involves the separate issue of motive. Thus, a defendant can restrain another with the intent to inflict injury, in the sense that he knows that his actions will lead to injury or that his purpose is to cause injury, but act in this manner in order to comply with the demands of another. Because Alaska does not consider duress to be the negation of specific intent, duress may, consistent with due process, be treated as an affirmative defense.

Walker further argues that due process requires that Alaska adopt the view that criminal intent is an element of every crime, and that even if Alaska deems duress to be consistent with specific intent, it is necessarily inconsistent with criminal intent. The Supreme Court, in *Martin v. Ohio,* 480 U.S. 228, 107 S.Ct. 1098, 94 L.Ed.2d 267 (1987), in considering the constitutionality of imposing a burden on defendants to prove self-defense, rejected the argument that states may only proscribe conduct performed with criminal intent. *Id.* at 107 S.Ct. at 1103. Other circuits that have considered whether due process prohibits placing the burden on the defendant to prove duress have held that because society's notions of criminal law, as imple-

mented by the " 'doctrines of *actus reus, mens rea,* insanity, mistake, justification, and duress,' " are constantly changing, constitutionalizing any formula, and thereby divesting the states of authority, would be inappropriate. *Mitchell,* 725 F.2d at 835 (quoting *Powell v. Texas,* 392 U.S. 514, 536, 88 S.Ct. 2145, 2156, 20 L.Ed.2d 1254 (1968)); *see also Davis v. McCotter,* 766 F.2d 203, 204 (5th Cir.1985).[1] We therefore find that due process does not require the prosecution to prove absence of duress.

## II. *Plain Error Review*

Walker alleges two errors in respect to instructions that were not raised to the trial court. We must first address a procedural issue. Walker did not object to the court's instructions at the trial level, but did raise the issues before the state appellate court. Normally, failure to comply with a state's contemporaneous objection rule [2] bars habeas review unless the petitioner can show cause for the failure and actual prejudice flowing from the error. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). If, however, a state appellate court overlooks the procedural default and considers the objection on the merits, the cause and prejudice requirement does not apply. *Huffman v. Ricketts,* 750 F.2d 798, 800–01 (9th Cir.1984); *see also County Court of Ulster County v. Allen,* 442 U.S. 140, 154, 99 S.Ct. 2213, 2223, 60 L.Ed.2d 777 (1979) ("[I]f neither the state legislature nor the state courts indicate that a federal constitutional claim is barred by some state procedural rule, a federal court implies no disrespect for the State by entertaining the claim."); *Mullaney v. Wilbur,* 421 U.S. 684, 688 n. 7, 95 S.Ct. 1881, 1884 n. 7, 44 L.Ed.2d 508 (1975) (reviewing habeas petition on the merits because on direct appeal Maine Supreme Judicial Court waived procedural default

1. Walker relies on a line of Ninth Circuit cases beginning with *United States v. Hearst,* 563 F.2d 1331 (9th Cir.1977), *cert. denied,* 435 U.S. 1000, 98 S.Ct. 1656, 56 L.Ed.2d 90 (1978), in support of his position. These cases, however, do not employ a due process analysis. Rather they consider the requirements of federal law in federal trials.

2. Alaska requires a contemporaneous objection to trial errors, *see, e.g., Owens v. State,* 613 P.2d 259, 261 (Alaska 1980), but "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Alaska R.Crim.P. 47(b).

and addressed merits of federal constitutional claim).

The Alaska Court of Appeals in *Walker*, 674 P.2d at 829–30, acknowledged that Walker had failed to raise the objections before the trial court. The court said it could find plain error only " 'where necessary to prevent a miscarriage of justice.' " *Id.* at 829 (citation omitted). We must determine whether the fact that the state appellate court reviewed the merits for plain error vitiates the cause and prejudice requirement of *Wainwright v. Sykes.*[3] We conclude that it does.

The Supreme Court has touched on this issue in dicta. In *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), the Court found a procedural default in the defendant's failure to make a contemporaneous objection to a self-defense instruction. It noted in a footnote, however, that the State of Ohio permits the appellate courts to "overlook a procedural default if the trial defect constituted plain error." *Id.* at 135 n. 44, 102 S.Ct. at 1575 n. 44. Citing *Mullaney* and *County Court of Ulster County*, the Court continued, "[i]f Ohio had exercised its discretion to consider respondents' claim, then their initial default would no longer block federal review." *Id.* Although dicta, this is a clear statement that plain error review by a state appellate court negates the defendant's procedural default.

Moreover, Ninth Circuit precedent may be read to compel this result. In *Huffman v. Ricketts*, we reviewed the habeas claim of a petitioner who had not made a contemporaneous objection to a jury instruction in an Arizona trial. 750 F.2d at 800. The panel held that the petitioner's claim was not barred because even though the Arizona Court of Appeals observed that "[n]o objection was made below to the instruction," the state court went on to decide that "no fundamental error" had been committed. *Id.* at 801 & n. 2. Because there is no reason to distinguish "fundamental error" from "plain error," *Huffman v. Ricketts* is binding precedent in this case. *Cf. County Court of Ulster County*, 442 U.S. at 151 n. 10, 99 S.Ct. at 2221 n. 10 (describing New York's exception to the contemporaneous objection rule for errors that affect "fundamental constitutional rights").

In any event, we conclude that the purpose of the cause and prejudice determination permits us to consider a claim on federal habeas that has been reviewed by a state appellate court on the merits for plain error. Although applying a different standard of review than it would on direct appeal, a state appellate court reviewing for plain error reaches the merits of a petitioner's claim.[4] Our policy of providing an opportunity for state courts to correct constitutional errors before a petitioner may seek relief in federal court permits us to review for error where the state court has in fact undertaken such review. No disrespect of the state court conviction may be implied from a review that a state appellate court itself has undertaken.

### III. *Trial Judge's Instruction on Credibility*

The Alaska Court of Appeals clearly reviewed one of the two instructional errors on the merits even though it had not been raised in the trial court—Walker's claim that the trial court's instruction to view an accomplice's testimony with "distrust," coupled with its instruction that Walker may be found to be an accomplice, violated his fifth and sixth amendment rights by improperly commenting on Walker's credibility. The court reviewed the instructions as to which error was claimed, the testimony that had been adduced at trial to which the instructions related and the interrelationship of other instructions. In reaching

---

**3.** We requested additional briefing on this issue and have been assisted by the able and scholarly briefs filed by counsel for both parties.

**4.** To the extent *Phillips v. Lane*, 787 F.2d 208 (7th Cir.), *cert. denied*, 479 U.S. 873, 107 S.Ct. 249, 93 L.Ed.2d 173 (1986), may be at odds with our analysis, we disagree. The fact that the review was optional or under a different standard does not mean that the review was not on the merits.

its conclusion that there was no plain error, the court conducted a review on the merits, which effectively lifted the state's procedural bar to review. We therefore reach the merits and hold there was no error. The instruction on accomplice testimony was followed immediately by an instruction that accomplice testimony must be corroborated. Through that instruction, the court explained to the jury that the reason for treating accomplice testimony in a more circumspect manner was that an accomplice may shift the blame onto others to avoid facing liability for his own misdeeds. The main testimony against Walker at trial was provided by Willhite. We find that the instructions clearly referred to Willhite's testimony rather than that of Walker. *Walker,* 674 P.2d at 830.

### IV. *Failure to Define Recklessness*

■ It is not so clear to us that the other claimed error was reviewed on the merits by the Alaska Court of Appeals. Walker alleged that the court's failure to define recklessness, proof of which prevents a defendant from using duress as a defense, violated due process. What the Alaska court said was:

> "We have previously concluded that a trial court's failure to define the term 'recklessly' was not plain error in *Williams v. State,* 648 P.2d 603, 608 (Alaska App.1982). We said: 'The meaning of "recklessly" is well within the comprehension of the average juror and the code definition appears to be a common sense definition of the term. We do not find that the failure to define the term "recklessly" constituted plain error [Footnotes omitted.] We see no reason to depart from that holding. We find no error.' "

*Id.* 829, 830. Whether this analysis should be treated as a review "on the merits", *see Huffman v. Ricketts,* or a refusal to review, *see Moreau v. State,* 588 P.2d 275 (Alaska 1978) [5] because the issue had been decided in a previous case, is the question. We conclude that where the state court's review lends itself to the fair interpretation, as it does here, that it reviewed on the merits, we also may review on the merits. The Alaska court did not go so far as to hold that it was or was not error to fail to give the instruction but it did hold that it was not plain error and set forth its reasons, both that the court had so held in a previous case and that the average juror's common sense of the meaning would suffice.

■ On the merits we find that the failure to define criminal recklessness did not cause Walker to be "in custody in violation of the constitution, or laws, or treaties of the United States." 28 U.S.C. § 2254. "The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal." *Henderson v. Kibbe,* 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203. The omission of an instruction is "less likely to be prejudicial than a misstatement of the law." *Id.* at 155, 97 S.Ct. at 1737. Further, criminal recklessness under Alaska law [6] relates essentially to the common-sense definition of recklessness, which the average juror could understand and apply without an instruction. *See Williams v. State,* 648 P.2d 603, 608 (Alaska Ct.App.1982).

Moreover, although the omission may have been erroneous, Walker is not entitled to federal habeas relief unless "the ailing

---

**5.** In *Moreau v. State,* 588 P.2d 275, 279–80 (Alaska 1978) the court refused to address the merits of the claim of error, because in no event could it be considered plain error.

**6.** A.S. 11.81.900(a)(3) defines criminal recklessness in relevant part:
    [A] person acts "recklessly" with respect to a ... circumstance described by a provision

of law defining an offense when the person is aware of and consciously disregards a substantial and unjustifiable risk that the ... circumstance exists; the risk must be of such a nature and degree that disregard of it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation....

instruction by itself so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973). Walker argues that the instruction infected the trial because "it relieved the government of its burden of showing criminal recklessness ... [and] aggravated the burden shift problem in the first argument." As discussed above, due process does not require the government to bear the burden of proof on duress. Recklessness is relevant to negate the duress defense. Therefore, the failure to give an instruction defining recklessness is at most an error of state law.

## V. *Double Jeopardy*

Walker contends that the court's imposition of consecutive sentences for the two kidnappings and one robbery arising out of the same transaction violated double jeopardy. A state may punish separate offenses arising out of the same transaction without violating the double jeopardy clause. *Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). Under the test developed in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), robbery and kidnapping constitute separate offenses because both require proof of an element not required by the other offense.[7] Walker's claim that he cannot be punished cumulatively for the two kidnappings also fails. Under Alaska law, one act of assault aimed at two victims constitutes two separate crimes and may be punished separately. *Cooper v. State,* 595 P.2d 648 (Alaska 1979). In Walker's appeal the Alaska court of appeals applied this rule in the context of separate victims of a single incident of kidnapping. *Walker,* 674 P.2d at 832–33. Because the double jeopardy clause only "protects against multiple punishments for the same offense," *Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983), we find this claim to be without merit.

## VI. *Sentencing*

Walker maintains that his total sentence of 89–years' imprisonment for his convictions for kidnapping, robbery, burglary, and theft, is excessive, and that the reason for its length is that the trial judge believed he was guilty of murder. He asserts that the total sentence violates his fifth and sixth amendment rights.

At the time of sentencing, the trial judge stated, "I agree with ... the State's position ... [that] you are guilty of murder." He then stated, "I don't propose to criticize or argue with the jury's verdict. They looked at it and they made their decision and I accept their decision." The trial judge also said that Walker "must have been aware these people were going on their last ride," and that he had a "little different perception" from Walker's that Walker did not intend for the people to be killed.

The state appellate court and the district court found that the trial judge did not rely on the facts surrounding the murder in determining Walker's sentence. We do not address this factual issue because we conclude that the trial judge could properly rely on this information.

Sentencing courts must have wide latitude in their decisions as to punishment. *Brothers v. Dowdle,* 817 F.2d 1388, 1390 (9th Cir.1987). Generally, a federal appellate court may not review a state sentence that is within the statutory limits.[8] *Williams v. Duckworth,* 738 F.2d 828, 831 (7th Cir.1984), *cert. denied,* 469 U.S. 1229, 105 S.Ct. 1229, 84 L.Ed.2d 367 (1985). We may vacate a sentence, however, if it was imposed in violation of due process. *Brothers,* 817 F.2d at 1390.

---

7. Robbery requires taking property without right, A.S. 11.41.510 and kidnapping requires restraining another person, A.S. 11.41.300.

8. Walker was sentenced to 40 years for each of the two kidnapping convictions, 6 years for the robbery, 2 years for burglary, and 1 year for theft, all consecutive, for a total of 89–years' imprisonment. The crime of kidnapping carries a sentence of between 5– and 99–years' imprisonment. A.S. 12.55.125(b).

The due process clause prohibits a trial judge from enhancing a sentence based on materially false or unreliable information, *United States v. Messer*, 785 F.2d 832, 834 (9th Cir.1986), or based on a conviction infected by constitutional error. *United States v. Tucker*, 404 U.S. 443, 447–48, 92 S.Ct. 589, 591–92, 30 L.Ed.2d 592 (1972). We have held, however, that a sentencing judge may rely on "facts relating to a prior acquittal" in imposing an appropriate sentence. *United States v. Morgan*, 595 F.2d 1134, 1135–37 (9th Cir.1979). Although *Morgan* involved a prior acquittal rather than a contemporaneous acquittal, we find the case to be controlling. Sentencing judges must be able to rely on as much information about a defendant as possible in order to fashion a punishment best tailored to the particular defendant. *Id.* at 1137. The trial judge clearly knew that Walker was acquitted of the murder charge, and thus knew to treat the facts with caution. It was perfectly proper, however, for the judge to consider the facts that the victims were killed and that during the course of the crime Walker must have been aware that it was unlikely they were going to be permitted to live. There was more than a "minimal factual basis," *United States v. Petitto*, 767 F.2d 607, 611 (9th Cir.1985), to justify consideration of the result of the crimes in which Walker participated, even though he was acquitted of the murder charge.

AFFIRMED.