**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francisco DOMINGUEZ–MESTAS,**
**Defendant–Appellant.**

**No. 88–5132.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 16, 1989.

Decided Jan. 29, 1991.

Rehearing Denied April 9, 1991.

Cynthia G. Aaron, Aaron & Cortez, San Diego, Cal., for defendant-appellant.

Patrick K. O'Toole and Marian E. McGuire, Asst. U.S. Attys., San Diego, Cal., for plaintiff-appellee.

Before POOLE, BOOCHEVER and WIGGINS, Circuit Judges.

## PER CURIAM:

This appeal requires us to decide which party has the burden of proof for the defense of duress when a defendant is charged with unlawful importation of merchandise in violation of 18 U.S.C. § 545. The district court ruled that Francisco Dominguez–Mestas (Dominguez) bore the burden of proving duress by a preponderance of the evidence. Dominguez contends that the district court was wrong; he argues that the government has the burden of disproving duress and must do so beyond a reasonable doubt. We affirm the district court's decision that the defendant has the burden of proving duress by a preponderance of evidence as a defense to a charge of unlawful importation of merchandise. The government, however, has its traditional burden of proving all of the elements of the crime beyond a reasonable doubt, and the jury in rendering its decision may consider the evidence of duress to the extent that it is relevant to the government's burden.

## FACTS AND PROCEEDINGS

On May 10, 1986, Dominguez entered the United States through the port of entry at Calexico, California. Dominguez was referred to the secondary inspection area, where he stated that he was not bringing any items from Mexico into the United States. The border inspector observed that Dominguez appeared very nervous and ordered him searched. Dominguez was taken to a private room where pat-down searches revealed in his waistband two packages which contained approximately 173 grams of heroin.

Dominguez was indicted by a grand jury for importing heroin into the United States, in violation of 21 U.S.C. §§ 952, 960, and 963 (Count 1); possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 2); and making false statements, in violation of 18 U.S.C. § 1001 (Counts 3–6).

Dominguez intended to assert the defense of duress which was supported by the following proffer of evidence:

Mr. Dominguez, a citizen of Mexico and a permanent resident alien of the United States, borrowed $2,000.00 from a man, in Mexico, to pay medical costs for his ailing mother, who lived in Magdelena, Jalisco, Mexico. After his mother's death on March 6, 1986, Mr. Dominguez left Mexico, and returned to his home in El Monte, California. He had not repaid the $2,000.00 debt before leaving Mexico.

After he returned to California, Mr. Dominguez was repeatedly contacted at his home by an agent of the lender, and threatened regarding repayment of the loan. In addition, his sister, Maria, who lived in Magdelena, Mexico, contacted Mr. Dominguez and told him that she had been threatened by an agent of the lender. The lender's agent offered Mr. Dominguez the option of crossing illegal drugs over the border to satisfy his debt. Mr. Dominguez refused to do so, and said that he would repay the debt when he received his income tax refund.

On May 10, 1986, Mr. Dominguez drove to Mexicali, Mexico, to meet with the lender, pursuant to instructions given

to him by the lender's agent. Mr. Dominguez met with the lender, who again proposed that Mr. Dominguez cross illegal drugs over the border. Mr. Dominguez refused to do so, said that he would have the money soon to repay the debt, and left in his car. He drove back through the Port of Entry into the United States. However, once he passed the inspection area, he saw the lender's agent waiting for him. The agent threatened that unless Mr. Dominguez immediately returned to Mexico and carried drugs across the border, Mr. Dominguez's sister would be killed.

Based upon this threat, Mr. Dominguez returned to Mexico where he was given heroin to carry across the border into the United States. Mr. Dominguez believed that he was under surveillance by the lender's agent while he attempted to cross the heroin through the Port of Entry.

Appellant's Opening Brief at 6–7.

The government filed a motion *in limine* requesting that the district court exclude Dominguez' duress defense as a matter of law. The district court granted the government's motion and Dominguez appealed. This court, in an unpublished Memorandum disposition, reversed the district court's order excluding Dominguez' duress defense and remanded the case for further proceedings. *See United States v. Dominguez–Mestas*, 830 F.2d 197 (9th Cir.1987).

The government then filed a motion with the district court to require Dominguez to bear the burden of proving his defense of duress. Dominguez opposed the motion, contending that the district court should place the burden on the government to prove the nonexistence of duress beyond a reasonable doubt. The district court granted the government's motion and ruled that Dominguez was required to prove duress

by a preponderance of the evidence. *United States v. Dominguez–Mestas*, 687 F.Supp. 1429 (S.D.Cal.1988).

Following the district court's ruling, Dominguez and the government entered into a plea agreement. Dominguez agreed to enter a conditional plea of guilty to a superseding information charging him with unlawful importation of merchandise, in violation of 18 U.S.C. § 545. Dominguez specifically reserved the right to appeal the district court's ruling on the burden of proof of duress. The government agreed to move to dismiss all remaining charges against Dominguez. Dominguez now appeals the district court's ruling that he is required to prove duress by a preponderance of the evidence.[1]

## DISCUSSION

Dominguez contends that the district court erred in ruling that a defendant charged with violation of 18 U.S.C. § 545 must assume the burden of proving the affirmative defense of duress. Dominguez argues that both the Due Process Clause and well-established federal practice require the government to prove the nonexistence of duress beyond a reasonable doubt. The government counters that the district court was correct in requiring Dominguez to prove duress by a preponderance of the evidence. The district court's ruling that Dominguez had the burden of proving his defense of duress is a question of law, and is therefore reviewed de novo. *United States v. McConney*, 728 F.2d 1195, 1202 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

### I. *Due Process*

■ Dominguez contends that the Due Process Clause prohibits placing the burden of proving duress on the defendant. Dominguez argues that, since duress ne-

---

1. The district court rendered its decision concerning the burden of proof with reference to the charges under which Dominguez was indicted, namely for importing heroin into the United States in violation of 21 U.S.C. §§ 952, 960, and 963 (Count 1); possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 2); and making false state-

ments, in violation of 18 U.S.C. § 1001 (Counts 3–6). Dominguez, however, conditionally pled guilty to the subsequent information charging him with unlawful importation of merchandise in violation of 18 U.S.C. § 545. We consider his argument only as applied to his plea of guilty to violation of 18 U.S.C. § 545.

gates the element of *mens rea*, the government must prove the nonexistence of duress to satisfy the constitutional requirement that the prosecution prove beyond a reasonable doubt every element of the charged offense. *See In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970) ("Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.").

The Supreme Court addressed a similar due process challenge in *Martin v. Ohio*, 480 U.S. 228, 107 S.Ct. 1098, 94 L.Ed.2d 267 (1987). In *Martin*, a defendant convicted of aggravated murder challenged the constitutionality of an Ohio statute which required the defendant to prove self-defense by a preponderance of the evidence. The Supreme Court upheld Martin's conviction, concluding that the statute did not violate the Due Process Clause. The Court emphasized that, although evidence of self-defense may negate one or more elements of the charged offense, the *Winship* burden was not shifted to the defendant to disprove any element of the prosecution's case. *Id.* at 234, 107 S.Ct. at 1102. So long as the jury was permitted to consider the defendant's evidence of self-defense in determining whether the prosecution had met its burden of proving each element of the crime beyond a reasonable doubt, the burden of proof scheme did not violate the Due Process Clause. *Id.*

Following *Martin*, this court held in *Walker v. Endell*, 850 F.2d 470, 473 (9th Cir.1987), *cert. denied*, 488 U.S. 926, 109 S.Ct. 309, 102 L.Ed.2d 328 (1988), that due process does not require a state to place the burden of proving the defense of duress upon the prosecution. Walker contended that he was forced by an accomplice to participate in robbery and kidnapping. The determinative issue in *Walker* was "whether proof of duress necessarily entails disproof of the intent elements of the crimes of robbery and kidnapping under Alaska state law." 850 F.2d at 472. We found that the statutes defining those crimes do not contain "criminal intent" elements, and rejected Walker's argument

that "duress is merely the flip side" of criminal intent.

In the instant case, we must determine whether proof of duress necessarily entails disproof of the elements of the charged offense. Dominguez pled guilty to an information which alleged that he "did knowingly import and bring into the United States certain merchandise contrary to law ... in violation of Title 18, United States Code, Section 545." The relevant portion of section 545 states: "Whoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law ... Shall be fined not more than $10,000 or imprisoned not more than five years, or both." The only mental state required by the portion of section 545 charged in Dominguez' information is knowledge. Dominguez admits that he knowingly brought heroin into the United States. Whether he was forced to do so does not negate his criminal knowledge. Duress is an affirmative defense that could excuse his conduct. Thus, placing the burden of proving duress upon him does not impermissibly shift an element of the prosecution's case.

Dominguez argues that duress negates the element of *mens rea*. In *Morissette v. United States*, 342 U.S. 246, 252, 72 S.Ct. 240, 244, 96 L.Ed. 288 (1952), the Court noted that *mens rea* signifies "an evil purpose or mental culpability." Section 545 contains no explicit requirement of *mens rea*. Nor does it contain an implicit *mens rea* element. In contrast with the second paragraph of section 545 under which Dominguez was charged, the first paragraph states, "Whoever knowingly and *willfully, with intent to defraud* the United States, smuggles, or clandestinely introduces into the United States any merchandise which should have been invoiced ..." (emphasis added). Because Congress used express language to require *mens rea* elements in the first paragraph, the requirement of knowledge alone for violation of the second paragraph negates an implicit *mens rea* element.

Moreover, in determining whether criminal intent was an implied element of an

offense, the *Morissette* Court distinguished between common law crimes, in which intent is more easily implied, and statutory offenses, such as an offense under the Narcotic Drug Act, citing with approval *United States v. Behrman*, 258 U.S. 280, 42 S.Ct. 303, 66 L.Ed. 619 (1922). Knowingly importing merchandise into the United States contrary to law clearly falls within the statutory offense category. Therefore, we hold that due process does not mandate that the government bear the burden of disproving duress for Dominguez' offense.

## II. *Federal Practice*

Dominguez next contends that Ninth Circuit authority requires that, in federal trials, the government must prove the nonexistence of duress beyond a reasonable doubt. In support of this contention, Dominguez relies upon *United States v. Hearst*, 563 F.2d 1331 (9th Cir.1977) (per curiam), *cert. denied*, 435 U.S. 1000, 98 S.Ct. 1656, 56 L.Ed.2d 90 (1978) and *United States v. Gonsalves*, 675 F.2d 1050 (9th Cir.), *cert. denied*, 459 U.S. 837, 103 S.Ct. 83, 74 L.Ed.2d 78 (1982). In addition, although not cited by Dominguez, *United States v. Guess*, 629 F.2d 573 (9th Cir.1980), addressed the same issue.

In *Hearst*, *Guess*, and *Gonsalves*, this court has stated that once a defendant has satisfied his burden of production with respect to an affirmative defense, the burden shifts to the government to disprove the defense beyond a reasonable doubt. We conclude, however, that the statements do not establish a rule of practice in this circuit.

In *Hearst*, this court was presented with the question of whether the district court erred in admitting "other act" evidence to rebut the defendant's claim of duress. 563 F.2d at 1335–36. Although the burden of proof for duress was not at issue, the court noted that once a defendant presents substantial evidence of duress, the government must prove beyond a reasonable doubt the nonexistence of duress. *Id.* at 1336 n. 2.

The *Hearst* court's statement regarding the burden of proof of duress was not essential to the holding of the case; the statement was made only for illustrative purposes and is therefore dictum. Moreover, unlike the charge of unlawful importation of merchandise, an element of Hearst's armed robbery offense involved criminal intent so that the government had the burden of proving that element beyond a reasonable doubt.

In *Guess* and *Gonsalves*, the statements regarding the burden of proof for duress are also dicta. In *Guess*, the court cited the statement in *Hearst* that the government must prove the absence of duress beyond a reasonable doubt. *Guess*, 629 F.2d at 577 n. 4. Because the burden of proof for duress or for other affirmative defenses was not at issue, the statement is dictum. In *Gonsalves*, the court also cited *Hearst* for the proposition that the government must prove the nonexistence of duress beyond a reasonable doubt. *Gonsalves*, 675 F.2d at 1054. The court, however, was presented with the issue of the appropriate burden of proof for tolling the statute of limitations. The question of the burden of proof for duress was not before the court. Thus, the statement cannot be considered to establish a rule of practice in this circuit.

We conclude that there is no constitutional bar to requiring the defendant to bear the burden of proving duress by a preponderance of the evidence. *Walker v. Endell*, 850 F.2d 470 (9th Cir.1987). We still must decide whether, under the circumstances of this case, we should follow prior Ninth Circuit dictum delineating a federal procedural rule placing the burden of disproving duress on the government.

## III. *Burden of Proof for Duress*

Because the statements in *Hearst*, *Guess*, and *Gonsalves* do not establish a rule in this circuit that requires the government to prove the absence of duress beyond a reasonable doubt,[2] we must deter-

---

**2.** Because there was no established rule in this circuit requiring the government to prove the

absence of duress, we need not address Domin-

mine the appropriate framework for allocating the burden of proof for duress.

■ When, as here, a defense of duress does not involve refutation of any of the elements of the offense we conclude that it is proper to place the burden of proving that defense by a preponderance of the evidence on the defendant. To require the government to prove beyond a reasonable doubt the absence of duress would create a standard that would be nearly impossible to satisfy. In many cases, as in the case before us, the sole evidence of duress is the testimony offered by the defendant. Often, as here, those to whom the defendant refers either cannot be located or are outside the United States and not subject to subpoena power. In such cases, the government cannot possibly meet its burden of proving the absence of duress beyond a reasonable doubt. Even if the government is effective in impeaching the credibility of the defendant, it may not meet its burden of proving the absence of duress.

Finally, requiring the government to prove the absence of duress beyond a reasonable doubt would create a potential for abuse. Because it is extremely difficult for the government to prove the absence of duress beyond a reasonable doubt, a burden which is heightened in the context of border cases, *see United States v. Contento–Pachon*, 723 F.2d 691 (9th Cir.1984), the standard invites a defendant to tell a tale of duress, thereby placing a nearly insurmountable burden on the government. While we cannot permit practical considerations to override constitutional protections, they are appropriately taken into account in formulating rules of federal practice. Thus, we decline to impose upon the government the burden of proving the absence of duress beyond a reasonable doubt.[3]

CONCLUSION

■ We agree with the decision of the district court that Dominguez had the burden of proving duress by a preponderance of the evidence as a defense to the charge of unlawful importation of merchandise, and affirm the conviction.

AFFIRMED.

---

guez' argument that he was subject to an ex post facto reallocation of the burden of proof.

**3.** When a charge involves *mens rea* different considerations are present. It is clear that once a defendant has presented facts which, if be-

lieved, would justify the inference of duress, the trier must consider that inference in determining whether the prosecution has proved *mens rea. See Martin v. Ohio*, 480 U.S. 228, 107 S.Ct. 1098, 94 L.Ed.2d 267 (1987).