972 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Hoi Wing CHEUNG, Defendant-Appellant.
 No. 91-30323.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 17, 1992.*
Decided Aug. 28, 1992.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Hoi Wing Cheung appeals his conviction, following a jury trial, for possession with intent to distribute over 1000 grams of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).[1] We affirm.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 3
 On March 16, 1991, United States Customs Service Inspectors arrested Cheung when they discovered him in possession of white powder later analyzed as 1040 grams of 84 to 87 percent pure heroin with a street value of approximately $2 million. After the discovery of the heroin, Cheung made a statement to the inspectors which was introduced as an exhibit at trial. Cheung stated that he had borrowed money from an unidentified man in Bangkok in order to gamble, but had lost the money and could not repay him. Cheung said that he agreed to carry the heroin to Canada as repayment for the loan because he believed that if he refused, the lender and his agents would kill him or harm his family in Hong Kong.
 
 
 4
 The district judge instructed the jury that duress was a defense to the charges if the defendant proved the elements of that offense by a preponderance of the evidence. The jury returned a guilty verdict.
 
 II.
 JURISDICTION AND STANDARDS OF REVIEW
 
 5
 We have jurisdiction under 28 U.S.C. § 1291. Whether a defendant has made a threshold showing as to each element of the duress defense is a question of law that we review de novo. United States v. Williams, 791 F.2d 1383, 1388 (9th Cir.), cert. denied, 479 U.S. 869 (1986). We also review de novo whether the district court's jury instructions properly stated the law, Davis v. United States, 961 F.2d 867, 871 (9th Cir.1992), and the propriety of the district court's ruling that Cheung had the burden of proving his duress defense by a preponderance of the evidence, United States v. Dominguez-Mestas, 929 F.2d 1379, 1381 (9th Cir.) (per curiam), cert. denied, 112 S.Ct. 419 (1991).
 
 III.
 DISCUSSION
 
 6
 Cheung contends that the district court erred by instructing the jury that the defendant had the burden of proving duress by a preponderance of the evidence. He argues that the jury should have been told that the government had the burden of proving beyond a reasonable doubt that Cheung did not act under duress. This argument is without merit.
 
 
 7
 When a defense of duress does not involve refutation of any of the elements of the offense, it is proper to require the defendant to prove that defense by a preponderance of the evidence. Dominguez-Mestas, 929 F.2d at 1382. Cheung argues that section 841(a) requires the government to prove specific criminal intent, an element that would be refuted by evidence of duress. The intent required by section 841, however, is the intent to possess and distribute a controlled substance. Cheung admitted that he knew the substance was heroin, and that he intended to deliver it when he arrived in Canada. Evidence of duress in this case would not negate an element of the crime, but would rather mitigate culpability once the elements are proven. It therefore does not violate due process to place the burden on the defendant. Walker v. Endell, 850 F.2d 470, 472-73 (9th Cir.1987), cert. denied, 488 U.S. 926, and cert. denied, 488 U.S. 981 (1988).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Cheung was also convicted of possession of heroin on an aircraft arriving in the United States in violation of 21 U.S.C. §§ 955, 960(a)(2) and 960(b)(1)(A). He apparently has not appealed that conviction