**UNITED STATES of America, Plaintiff,**

v.

**Jesus Eduardo MERAZ–SOLOMON, Defendant.**

Crim. No. 92–909 H.

United States District Court, S.D. California.

Sept. 11, 1992.

Bernard G. Skomal, San Diego, CA, for defendant.

Patrick K. O'Toole, Asst. U.S. Atty., San Diego, CA, for plaintiff.

### MEMORANDUM DECISION REGARDING WHICH PARTY BEARS THE BURDEN OF PROOF ON DEFENSE OF DURESS

HUFF, District Judge.

The parties move the court for a determination prior to trial as to who bears the burden of proof in this case as to the defense of duress. The defendant argues due process requires the prosecution to disprove the defense beyond a reasonable doubt. The court finds the duress defense would justify rather than negate the intentional element within the offenses for which the defendant has been charged. Accordingly, the court finds the defense has the burden to prove the duress defense by a preponderance of the evidence.

It is a well-established, constitutional principle that the prosecution bears the burden to prove each element of an offense beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970). In earlier cases, the Ninth Circuit pronounced this principle applies to affirmative defenses which are relevant to the issue of guilt or innocence. *United States v. Gonsalves,* 675 F.2d 1050, 1054 (9th Cir.1982); *see also United States v. Guess,* 629 F.2d 573, 577 n. 4 (9th Cir.1980). Specifically, the Ninth Circuit has stated that once the defendant satisfies the burden of production as to the duress defense, the prosecution assumes the burden of proof to disprove duress beyond a reasonable doubt.

*United States v. Hearst,* 563 F.2d 1331, 1336 n. 2 (9th Cir.1977).

The continuing validity of the above statements within these cases is subject to dispute. In a more recent case, the Ninth Circuit distinguished and limited the *Hearst–Guess–Gonsalves* line of cases. *See United States v. Dominguez–Mestas,* 929 F.2d 1379, 1383 (9th Cir.1991). The court first discredited the statement in *Hearst* specifically referring to the duress defense because the statement was merely dictum. *Dominguez–Mestas,* 929 F.2d at 1383. In *Hearst,* the court was presented with the issue of whether the district court erred in admitting other acts evidence, and the burden of proof issue for the duress defense was not at issue. In *Guess,* the court cited the *Hearst* case, but the burden of proof issue was not before the court. Finally, in *Gonsalves,* the court was confronted with the appropriate burden of proof for tolling the statute of limitations. Again, however, the burden of proof for the duress defense was not before the *Gonsalves* court. A subsequent Ninth Circuit case also interpreted the *Hearst–Guess–Gonsalves* line of cases as not being constitutionally based, but rather as relying on a federally created rule for use in federal trials. *Walker v. Endell,* 850 F.2d 470, 473 n. 1 (9th Cir.1987).

▮ Since the *Hearst–Guess–Gonsalves* line of cases, the Ninth Circuit has refined the analysis used to determine if shifting the burden of proof to the defendant violates due process. The court now must address whether "a defense negates an element of the crime, rather than mitigates culpability once guilt is proven." *Walker,* 850 F.2d at 472. If the duress defense "disproves" or "negates" an element of the offense, the prosecution bears the burden of proof once the defendant satisfies the burden of production. *Id.; Dominguez–Mestas,* 929 F.2d at 1382. If, however, the defense merely justifies the defendant's conduct and, accordingly, relieves the defendant of criminal liability, the defense retains the burden to prove the defense by a preponderance of the evidence. *Walker,* 850 F.2d at 472; *Dominguez–Mestas,* 929 F.2d at 1382.

▮ In this case, the indictment charges the defendant with "knowingly and intentionally importing a controlled substance ... into

the United States from a place outside thereof...." The indictment charges the defendant with violation of 21 U.S.C. §§ 952 and 960, which prohibits the knowing or intentional importation of a controlled substance into the United States.

In *Dominguez–Mestas,* the Ninth Circuit expressly held the defendant bore the burden of proof as to the duress defense when the offense was limited to conduct done "knowingly." 929 F.2d at 1384. The issue then becomes whether the duress defense would negate or merely justify the "intentional" element in section 960. The court finds the duress defense would justify the defendant's conduct, but would not negate an element of the offense.

Accepting the defendant's definition of "intentional" for the purposes of this issue only, the element of intentional conduct requires a defendant to act "voluntary and purposeful," that the act is "being done on purpose." There is evidence that the defendant knew the car contained controlled substances and intended to drive the car across the border. The reason for his conduct, however, was to protect himself and his family after receiving death threats. The defense, therefore, does not negate the element of intent, but rather justifies the defendant's conduct, if accepted by the jury.

By arguing the defense negates rather than justifies the defendant's conduct, the defense is confusing objective with motivation. *See Walker,* 850 F.2d at 473. The statutes with which the defendant is charged prohibit particular conduct undertaken with a particular objective. The reason for his conduct, however, "involves the separate issue of motive." *Walker,* 850 F.2d at 473. Thus, the reason for his conduct may justify his conduct, but his reason or motivation does not negate the intentional element of the offense in this case. Accordingly, in this particular case and addressing only the particular statutes at issue, the court finds the defense has the burden to prove the duress defense by a preponderance of the evidence.

IT IS SO ORDERED.