Charles **WALKER**, Appellant,

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee.**

**No. CR. A.1998–196.**

District Court, Virgin Islands, Appellate Division, D. St. Thomas and St. John.

Aug. 14, 2003.

---

6. There is no Count III or Count IV in Ramos' First Amended Complaint.

Gregory H. Hodges, Dudley, Topper & Feuerzeig, St. Thomas, VI, for Appellant.

Maureen Phelan, Assistant Attorney General, V.I. Department of Justice, St. Thomas, VI, for Appellee.

Before: RAYMOND L. FINCH, Chief Judge of the District Court of the Virgin Islands; THOMAS K. MOORE, Judge of the District Court of the Virgin Islands; and DARRYL DEAN DONOHUE, Judge of the Territorial Court, Sitting by Designation.[1]

## MEMORANDUM OPINION

PER CURIAM.

This is the second time this matter has been before the Appellate Division. This Court originally considered Charles Walker's appeal from his criminal convictions for three counts of credit card fraud, 14 V.I.C. § 3004, and two counts of possession of stolen property, 14 V.I.C. § 2101(a), on May 25, 2000, and vacated all five counts. The United States Court of Appeals for the Third Circuit reversed in part and affirmed in part this Court's ruling, and the case is now again before the

Appellate Division on remand to consider Walker's claim that the trial judge applied the wrong standard in determining who had the burden of proof with respect to his defense of duress. The record indicates that, although the trial judge, in denying Walker's motion for judgment of acquittal or for a new trial, erroneously placed this burden of persuasion on Walker, the judge properly instructed the jury that the government had the burden of *disproving* duress. Accordingly, this Court will affirm Walker's convictions for possession of stolen property and remand this case to the Territorial Court for resentencing. In addition, in accordance with the Court of Appeals's mandate, this Court must remand Walker's case to a new Territorial Court judge.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Because the facts of this matter are set out at length in this Court's original opinion, *see Walker v. Government of the Virgin Islands,* 124 F.Supp.2d 933 (D.V.I.App. Div.2000), this memorandum will summarize them briefly only as they are necessary to the issue currently before the Court.

Walker traveled to St. Thomas from Atlanta and, with another man, purchased approximately $16,889 worth of jewelry with fraudulent credit cards. The men were apprehended at the airport and thereafter charged with credit card fraud and possession of stolen property. Walker's accomplice pled guilty to one count of credit card fraud and Walker proceeded to trial, where a jury found him guilty of three counts of credit card fraud under 14 V.I.C. § 3014 (Counts I, II, and IV), and two counts of possession of stolen property, in violation of 14 V.I.C. § 2101(a) (Counts III and V). He was sentenced to twenty-three years imprisonment.

---

1. The Honorable Darryl Dean Donohue did not participate in the decision of this case.

On appeal, we vacated all five convictions and ruled that the sentence violated Walker's due process rights. We concluded that the harshness of Walker's sentence violated his Fifth Amendment rights and that he was punished for having pursued his right to trial as opposed to pleading guilty. *See Walker,* 124 F. Supp 2d at 936–37. In addition, this Court determined that the Credit Card Crime Act of 1972 ["CCCA"], No. 3171, Sess. L.1972, p. 26, codified at 14 V.I.C. §§ 3001–3016, specifically 14 V.I.C. § 3014, precluded a simultaneous charge of possession of stolen property under 14 V.I.C. § 2101 for the same activity because the two statutory provisions were inconsistent. Accordingly, this Court vacated the convictions of possession of stolen property. Finally, because the government confessed to not having proven an essential element of credit card fraud—intent to defraud—we vacated Counts I, II, and IV.

The government appealed this Court's decision to the United States Court of Appeals for the Third Circuit, which vacated in part and affirmed in part our ruling. The Court of Appeals disagreed with this Court's determination that the CCCA prohibited a simultaneous charge of possession of stolen property, and thus reversed this Court's vacation of Counts III and V. *See Government of the Virgin Islands v. Walker,* 261 F.3d 370, 374 (3d Cir.2001). The Court did not, however, reinstate Walker's convictions for credit card fraud because the government "has agreed that on remand, it will move to vacate and dismiss the three credit card counts, pursuant to the procedure set forth in [*Ball v. United States,* 470 U.S. 856, 105 S.Ct.

1668, 84 L.Ed.2d 740 (1985) ]." *Id.* (*See* Reply Br. at 4.) The Court agreed, however, that Walker's sentence violated his Fifth Amendment rights, and affirmed this Court's vacating of his sentences. *Id.* at 375–76. In addition, the Court found that the "conduct and comments of the trial judge here make it exceedingly difficult to resurrect an appearance of impartiality" and thus held that, should this Court remand this matter to the Territorial Court, it instruct the Territorial Court to reassign this case to a new judge. *Id.* at 376. Finally, the Third Circuit noted that because this Court did not reach certain arguments made by Walker, including, *inter alia,* his argument that the trial court erred by placing the burden of proving duress on him rather than on the government. *Id.* at 376–77. This Court, therefore, now must consider this and any other issues left unresolved by our earlier decision.[2]

## II. DISCUSSION

Walker argues that the trial judge erred in denying his motion for judgment of acquittal or for a new trial because the judge improperly placed the burden of proof regarding the defense of duress on Walker, as opposed to the government. The appellant maintains that he met his burden of establishing a *prima facie* case of duress and that the government was then responsible for refuting each element of his claim beyond a reasonable doubt. (Blue Br. at 34–36.) The government concedes that the trial judge used the wrong standard in denying Walker's motion, but counters that it disproved Walker's duress theory beyond a reasonable doubt. Moreover, the government notes that the jury was properly instructed that it bore the

2. Although the Court of Appeals stated that Walker made additional arguments that this Court did not consider, these arguments are moot in light of the government's agreement to dismiss the three counts of credit card fraud. (*See generally,* Blue Br.) Accordingly, the sole relevant issue before this Court concerns Walker's duress defense and the appropriate burden of proof.

burden of disproving each element beyond a reasonable doubt. (Red Br. at 31–37.)

## A. Jurisdiction and Standards of Review

■ This Court has jurisdiction to review final judgments and orders of the Territorial Court in criminal cases. *See* 4 V.I.C. § 33; Section 23A of the Revised Organic Act.[3] The denial of a motion for a new trial is reviewed for abuse of discretion. *See Virgin Islands v. Sampson,* 94 F.Supp.2d 639, 643 (D.V.I.App.Div.2000). We review a trial judge's application of the law *de novo. See Cebedo v. Tobal,* 240 F.Supp.2d 373, 376 (D.V.I.App.Div.2003). In reviewing the sufficiency of the evidence to support a conviction, a conviction will be sustained if, viewing the evidence in the light most favorable to the government, a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt of every element of the offense. *See Georges v. Government of the Virgin Islands,* 119 F.Supp.2d 514, 523 (D.V.I.App. Div.2000), *aff'd,* 265 F.3d 1055 (3d Cir. 2001). We may overturn a conviction "only when the record contains no evidence, regardless of how it is weighted, from which the jury could find guilt beyond a reasonable doubt." *United States v. Anderson,* 108 F.3d 478, 481 (3d Cir. 1997) (quoting *United States v. McNeill,* 887 F.2d 448, 450 (3d Cir.1989)).

## B. The Trial Judge Did Not Commit Reversible Error When, in Denying Walker's Motion for a Judgment of Acquittal or for a New Trial, he Applied the Wrong Legal Standard for Establishing the Defense of Duress

At trial, Walker admitted to having used counterfeit credit cards to obtain the Rolex watch and the diamond tennis bracelet. (App. Vol. II at 383–84 (Trial Tr. Vol. II at 49).) He testified that, on the Saturday evening before he traveled to St. Thomas, he was hit on the head from behind, placed in the trunk of a car, and driven away. (*Id.* at 368.) He alleged that the two people who kidnaped him told him that he had to go to St. Thomas and steal the jewelry or they would harm his daughter. (*Id.* at 377.) Walker claimed that he called the Atlanta police, the sheriff's office, and "several agencies" but that they refused to help him because he did not know the kidnappers' names or addresses. (*Id.* at 369.) He further claimed that he was given a plane ticket and fake credit cards. (*Id.* at 369–70.) Walker provided no other evidence corroborating his story. The government, on the other hand, provided testimony from a local police agent that the Atlanta Police department, the Georgia office of the Secret Service, and the Georgia Bureau of Investigation did not have any evidence that the defendant had filed any complaints with them or had sought their assistance in any way. (*Id.* at 305–07.) In addition, the government presented evidence that Walker charged dinner and drinks on one of the stolen credit cards on the night of the purchase of the jewelry. (*Id.* at 396–99.)

■ In instructing the jury, the trial judge stated that the government was required to prove each of the elements of possession of stolen property, including as element five "[t]hat the defendant was not acting under duress at the time of the act." (*Id.* at 453–54.) The judge then instructed the jury on the specific elements of the defense of duress, and stated:

---

**3.** The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541–1645 (1995 & Supp.2001), *reprinted in* V.I. Code Ann. 73– 177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2001) (preceding V.I. Code Ann. tit. 1).

Remember, too, that once the defendant has raised the defense of duress, the burden of proof is upon the Government or the prosecution to prove, beyond a reasonable doubt, that such duress did not exist. Therefore, in order to find the defendant guilty, you as the jury, must find that without a reasonable doubt, that the defendant [did not establish the separate elements of duress]. (*Id.* at 455–566.) The jury found Walker guilty of all five counts.

After trial, the appellant moved for a judgment of acquittal or for a new trial. With respect to Walker's duress defense, the judge found that the only evidence put forth by the appellant was his own uncorroborated testimony. (App. Vol. I at 39) (Order, Crim. No. F–25/1997 at 3 (Terr.Ct. July 20, 1998).) The trial judge noted that

> [Walker] recited for the jury an incredulous story on his duress defense. It is a story concocted from or usually found in a television drama or a movie script. The jurors, who were the judges of the defendant's credibility and judges of the facts in the case, summarily and resoundingly rejected the defendant's outlandish, bizarre, and inconceivable duress defense.

(*Id.* at 39.) The judge went on to observe that "[w]hen a defense of duress does not involve refutation of any of the elements of the offense, it is proper to place the burden of proving that defense by a preponderance of the evidence on the defendant" and that the government does not bear the burden of proving absence of duress beyond a reasonable doubt. (*Id.*) The judge determined that the appellant "has failed dismally to present any credible evidence of duress on which he bears the burden of proof" and denied Walker's motions for acquittal and for a new trial. (*Id.* at 45.)

In order for a criminal defendant to establish duress, he or she must establish three elements: (1) an immediate threat of death or serious bodily injury; (2) a well-grounded fear that the threat will be carried out; and (3) no reasonable opportunity to escape the threatened harm. *United States v. Santos,* 932 F.2d 244, 249 (3d Cir.1991). In *Santos,* the Court of Appeals for the Third Circuit reviewed under a plain error standard a jury instruction regarding the burden of persuasion on a duress defense to cocaine distribution and conspiracy charges. *Id.* at 245, 250. The conspiracy charge expressly required the government to prove specific criminal intent. *Id.* at 249. The Court found no plain error in an instruction that placed an initial burden of persuasion on the defendant to prove the duress defense by a preponderance of the evidence and then shifted the burden to the government to disprove the defense beyond a reasonable doubt. *Id.* at 250. The Court has also held under Virgin Islands law that it was plain error for the trial judge to refuse to give an instruction on the burden of proof on self-defense where the charges were first degree murder and unlawful possession of a firearm during the commission of a crime of violence. *See Government of the Virgin Islands v. Smith,* 949 F.2d 677 (3d Cir.1991). The *Smith* Court held that, in a murder prosecution under Virgin Islands law, "once the defendant has properly placed self-defense in issue, the prosecution must prove its absence beyond a reasonable doubt." *Id.* at 680. In reaching this conclusion, the Court noted that "[t]his holding is in accord with other cases in which we have held that Virgin Islands law requires the government to disprove affirmative defenses once some evidence has been presented on the issue." *Id.* at 681. *See, e.g., Government of the Virgin Islands v. Bellott,* 495 F.2d 1393, 1397 (3d Cir.1974) (insanity defense); *Government of the Virgin Islands v. Smith,* 278 F.2d 169 (3d Cir.1960) (epileptic seizure).

The record below demonstrates that the trial judge properly instructed the jury with respect to the law on this issue and that the evidence sufficiently supported a guilty verdict. The judge instructed the jury that the onus was on the government to disprove Walker's duress theory beyond a reasonable doubt. The jury apparently found that the government had met this burden and convicted Walker. The judge thus correctly denied the appellant's motion for a judgment of acquittal or for a new trial. His misstatement of the burden for proving duress thus is of no legal consequence for the validity of that ruling.[4] Accordingly, this Court will affirm his convictions of possession of stolen property and remand this matter to the Territorial Court for resentencing before a new judge.

## III. CONCLUSION

A review of the record, transcripts, and the parties' briefs indicates that, in denying Walker's motion for judgment of acquittal or for a new trial, the trial judge misstated the law with respect to the burden of persuasion in a duress defense. This error, however, did not affect the jury's verdict because the judge properly instructed the jury that the government had the burden of *disproving* duress beyond a reasonable doubt. Accordingly, this Court will affirm the appellant's convictions for possession of stolen property and remand this matter to the Territorial Court for resentencing before a different judge.

**4.** The trial judge, in reaching his decision, apparently erroneously interpreted the holding in *United States v. Dominguez–Mestas,* which, unlike this case, considered the appropriate burden of persuasion for duress where the criminal charge *does not* contain an element of specific criminal intent. *See* 929 F.2d 1379 (9th Cir.1991) (per curiam). In *Dominguez–Mestas,* the Court held that there was no constitutional bar to placing the burden upon a defendant to prove the affirmative defense of duress by a preponderance of the

## ORDER

For the reasons given in the accompanying Memorandum Opinion of even date, it is hereby **ORDERED** that Walker's convictions for possession of stolen property under 14 V.I.C. § 2101(a) (Counts III and V) are **AFFIRMED.** It is further **ORDERED** that this matter is **REMANDED FOR RESENTENCING BEFORE A NEW JUDGE.**

evidence *where the crime charged contains no requirement of mens rea. Id.* at 1384. The Court of Appeals reasoned that to require the government to disprove duress beyond a reasonable doubt in such cases "would create a standard that would be nearly impossible to satisfy." *Id.* The Court even noted that "[w]hen a charge involves *mens rea* different considerations are present." *Id.* n. 3. Here, the trial judge incorrectly placed the entire burden on Walker when he denied his motion for judgment of acquittal or for new trial.