**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jesus Eduardo MERAZ–SOLOMON, Defendant–Appellant.**

No. 92–50726.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 1993.*

Memorandum April 7, 1993.

Order and Opinion August 5, 1993.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Bernard G. Skomal, Aaron & Cortez, San Diego, CA, for defendant-appellant.

Patrick K. O'Toole, Asst. U.S. Atty., San Diego, CA, for plaintiff-appellee.

Before: WALLACE, C.J., FARRIS and BRUNETTI, Circuit Judges.

## ORDER

The memorandum disposition filed April 7, 1993, 990 F.2d 1263, is redesignated as a per curiam opinion. Appellee's request for publication is granted.

## OPINION

PER CURIAM:

Jesus Eduardo Meraz–Solomon (Meraz) appeals his conviction, following entry of a conditional guilty plea, for importation of a controlled substance in violation of 21 U.S.C. §§ 952 and 960. Meraz contends that the district court erred by ruling that he had the burden of proving his duress defense by a preponderance of the evidence. 818 F.Supp. 1320. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Whether a defendant has the burden of proving his duress defense by a preponderance of the evidence is a question of law which we review *de novo. United States v. Dominguez–Mestas,* 929 F.2d 1379, 1381 (9th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 419, 116 L.Ed.2d 440 (1991).

Due process requires that the prosecution prove beyond a reasonable doubt every element of the crime with which the defendant is charged. *Id.* at 1382; *Walker v. Endell,* 850 F.2d 470, 472 (9th Cir.1987), *cert. denied,* 488 U.S. 926, 109 S.Ct. 309, 102 L.Ed.2d 328 (1988). Where a statute identifies knowledge as the only mental element necessary for commission of the crime, it is not a violation of due process to require a defendant to bear the burden of proving duress by a preponderance of the evidence. *Dominguez–Mestas,* 929 F.2d at 1382–83; *see United States v. Santos,* 932 F.2d 244, 249 (3rd Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 592, 116 L.Ed.2d 617 (1991). The prosecution is not thereby unconstitutionally relieved of proving its case because duress is an affirmative defense which excuses the defendant's conduct without negating his criminal knowledge. *Dominguez–Mestas,* 929 F.2d at 1382. We have indicated that different considerations may apply where the statute identifies *mens rea* as an element of the offense. *Id.* at 1384 n. 3 (suggesting that the trier must necessarily consider evidence of duress to decide whether prosecution has proved *mens rea* ); *cf. Walker,* 850 F.2d at 472–73 (considering whether duress necessarily negates *mens rea* and holding that prosecution is not required to prove absence of duress).

We have also held, however, that where a statute criminalizes behavior conducted knowingly or intentionally, the prosecution satisfies due process if it proves either one of these alternative mental states. *United States v. Hegwood,* 977 F.2d 492, 495–96 (9th Cir.1992) (construing 21 U.S.C. § 843(b), which makes it unlawful to knowingly or intentionally use a communication facility while committing a felony). Further, where a statute specifies two or more ways in which an offense may be committed, but the indictment alleges the offense in the conjunctive, the government need prove only that the defendant committed the offense in one of the alternative ways set forth in the statute. *United States v. Urrutia,* 897 F.2d 430, 432 (9th Cir.), *cert. denied,* 495 U.S. 939, 110 S.Ct. 2190, 109 L.Ed.2d 517 (1990) (applying this rule of construction to 18 U.S.C.

§ 2113(a), which requires either intent to commit a felony involving a bank or intent to commit any larceny); *United States v. Bonanno,* 852 F.2d 434, 441 (9th Cir.1988), *cert. denied,* 488 U.S. 1016, 109 S.Ct. 812, 102 L.Ed.2d 801 (1989).

Meraz contends that he should not be required to prove his duress defense by a preponderance of the evidence because duress negates *mens rea,* thereby unconstitutionally relieving the prosecution of its duty to prove each element of his offense. The indictment charged Meraz with "knowingly and intentionally" importing cocaine in violation of 21 U.S.C. §§ 952 and 960. Nevertheless, section 960 establishes penalties for any person who "knowingly or intentionally" violates section 952, which in turn makes it unlawful to import any controlled substance into the United States. Thus, although the indictment is phrased in conjunctive terms, the prosecution must only prove *either* Meraz's knowledge or his intent in order to establish a violation of these statutory sections. *See Hegwood,* 977 F.2d at 495–96; *Urrutia,* 897 F.2d at 432. We therefore need not reach Meraz's contention that duress negates *mens rea,* since intentional commission is not a necessary element of the offense with which he was charged. Placing the burden of proof for his duress defense on Meraz does not violate his due process rights because the prosecution must still establish beyond a reasonable doubt that Meraz knew he was importing cocaine, even if his behavior might be excused by duress. *See Santos,* 932 F.2d at 249; *Dominguez–Mestas,* 929 F.2d at 1382–83. The district court did not err by holding that Meraz must prove by a preponderance of the evidence his duress defense against the charge of violating 21 U.S.C. §§ 952 and 960.

**AFFIRMED.**