42 F.3d 1403
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Appellee-Plaintiff,
v.
Hermie CORDERO, Appellant-Defendant.
 No. 93-10186.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 16, 1994.*
Decided Nov. 28, 1994.
 
 Before: CHOY, FARRIS, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Hermie Cordero appeals her conviction for importation of a controlled substance in violation of 21 U.S.C. Sec. 952. Cordero contends that the district court erred by (i) instructing the jury regarding the allocation of the burden of proving the defense of duress; (ii) instructing the jury regarding deliberate ignorance; and (iii) denying Cordero's motion to suppress allegedly involuntary post-arrest statements. Having jurisdiction under 18 U.S.C. Sec. 2255, we affirm.
 
 BACKGROUND
 
 3
 Cordero's conviction stems from her seizure on June 30, 1991, by U.S. Customs agents acting pursuant to an anonymous tip that she would be arriving in San Francisco on a night flight from the Philippines carrying illegal drugs. Cordero was directed to a private search room and given a pat-down search. This search revealed a hard object between her legs. Female agents then conducted a partial strip search which revealed a package containing 198 grams of methamphetamine sewn into the crotch of one of the three pairs of underpants Cordero was wearing.
 
 
 4
 Cordero claimed that a friend gave her the package and that she did not know its contents. Following her arrest shortly thereafter, Cordero told U.S. Customs agents that her husband's cousin, Danny Sanchez, and a female companion gave her the underwear to transport to the United States at an arranged meeting in a Manila hotel room. Cordero then admitted that she knew the underwear contained drugs of some sort and explained that they were for her husband's back pains.
 
 
 5
 At a pretrial hearing, the district court ruled that these statements were inadmissible because they were revealed in a conversation initiated by the agents after Cordero indicated that she wished to exercise her Miranda right to speak to an attorney. In a subsequent ruling the district court determined that the statements were nevertheless voluntary and could therefore be used for impeachment if Cordero took the stand at trial under Harris v. New York, 401 U.S. 222 (1971).
 
 
 6
 At trial Cordero testified that Mr. Sanchez forced her to smuggle the package into the United States by threatening to kill her and her family if she refused. The district court then admitted Cordero's post-arrest statements for impeachment of this testimony over her motion in limine.
 
 
 7
 On March 11, 1993, the district court entered a judgment of conviction for knowingly and intentionally importing methamphetamine into the United States in violation of 21 U.S.C. Sec. 952(a). Cordero was acquitted of possession with intent to distribute under 21 U.S.C. Sec. 841(a)(1). On March 15, 1993, Cordero filed a timely notice of appeal.
 
 DISCUSSION
 I.
 
 8
 Cordero's first contention of error is that the district court improperly instructed the jury that she bore the burden of proving duress by a preponderance of the evidence. We disagree.
 
 
 9
 Whether the district court correctly assigned to the defendant the burden of proving a duress defense presents a question of law reviewed de novo. United States v. Meraz-Solomon, 3 F.3d 298, 299 (9th Cir.1993) (per curiam).
 
 
 10
 Our decision in Meraz-Solomon, compels affirmance. In Meraz-Solomon we concluded that:
 
 
 11
 Where a statute identifies knowledge as the only mental element necessary for commission of the crime, it is not a violation of due process to require a defendant to bear the burden of proving duress by a preponderance of the evidence. The prosecution is not thereby unconstitutionally relieved of proving its case because duress is an affirmative defense which excuses the defendant's conduct without negating his knowledge.
 
 
 12
 Id. at 299 (citations omitted). Meraz-Solomon, like Cordero, was convicted of importation of narcotics in violation of 21 U.S.C. Sec. 952. In tandem with 18 U.S.C. Sec. 960,[1] Section 952 does not require specific intent; knowledge is sufficient to support a conviction thereunder. Id. at 299. As in Meraz-Solomon, "we therefore need not reach [the appellant's] contention that duress negates mens rea, since intentional commission is not a necessary element of the offense with which he was charged." Id. at 300. See United States v. LaFleur, 971 F.2d 200, 204 (9th Cir.1991), cert. denied, 113 S.Ct. 1292 (1993) (duress defense does not postulate that the defendant lacked the requisite mental state).
 
 
 13
 Cordero asserts that Meraz-Solomon is distinguishable insofar as the defendant's entry of a conditional guilty plea in that case removed the defendant's knowledge from issue. Cordero fails to square this assertion with our conclusion in that case that "[p]lacing the burden of proof for his duress defense on Meraz does not violate his due process rights because the prosecution must still establish beyond a reasonable doubt that Meraz knew he was importing cocaine, even if his behavior might be excused by duress." Meraz-Solomon, 3 F.3d at 300.
 
 
 14
 In Meraz-Solomon, we concluded that the district court "did not err by holding that Meraz must prove by a preponderance of the evidence his duress defense against the charge of violating 21 U.S.C. Secs. 952 and 960." Id. Here, the district court did not err by instructing the jury that Cordero bears this burden of proof with regard to her duress defense against the charge of violating 21 U.S.C. Sec. 952 and 18 U.S.C. Sec. 2.
 
 II.
 
 15
 Cordero's second contention of error is that the district court's deliberate ignorance instruction was improper because her decision not to investigate the contents of the concealed package was a coerced omission rather than an act of conscious avoidance. This contention is without merit.
 
 
 16
 A deliberate ignorance or Jewell instruction is appropriate where the surrounding circumstances "would have put any reasonable person on notice that there was a 'high probability' that the undisclosed venture was illegal." United States v. Nicholson, 677 F.2d 706, 710 (9th Cir.1992); see United States v. Jewell, 532 F.2d 697 (9th Cir.) (en banc), cert. denied, 426 U.S. 951 (1976). Such an instruction was plainly appropriate in view of the totality of circumstances surrounding Cordero's delivery of the hidden package, including the manner in which it was delivered to her and the means by which she secreted it into the United States. Cordero's counsel represented that Cordero believed that the package contained smuggled gems. However, the suitability of a Jewell instruction does not hinge on whether the defendant correctly deduced the subject matter of the suspected illegal venture. United States v. Perez-Padilla, 846 F.2d 1182, 1183 (9th Cir.1988) (sustaining use of a Jewell instruction where defendant claimed he thought he was transporting jewelry or a gun, not drugs). Rather, it is enough that the defendant "purposely contrives to avoid learning all the facts, as when a drug courier avoids looking in a secret compartment ..., because he knows full well that he is likely to find drugs there." United States v. Mapelli, 971 F.2d 284, 286 (9th Cir.1986).
 
 
 17
 The record sufficiently established that Cordero suspected that she was participating in an illegal venture and that she declined to investigate the contents of a package she evidently believed to contain contraband. Objectively viewed, these circumstances involved a "high probability of criminal activity that the defendant then ignored." United States v. Sanchez-Robles, 927 F.2d 1070, 1073 (9th Cir.1991). Even if we accept at face value the proferred justification for her ignorance, fear of Mr. Sanchez, this duress defense did not render a Jewell instruction improper. Deliberate ignorance is an imputed knowledge or intent to commit the crime in question, whereas a duress claim bears on the analytically distinct question whether the defendant had a justification, as opposed to the requisite mental state, for that act. See LaFleur, 971 F.2d at 204-05 (quoting Lafave & Scott, Substantive Criminal Law, Sec. 5.3 (1986)). Accordingly, we hold that the district court properly gave the jury an instruction regarding deliberate ignorance.
 
 III.
 
 18
 Cordero's final contention of error is that the district court erred in denying her motion to suppress her post-arrest statements because the statements were involuntary. We disagree.
 
 
 19
 We find in the record insufficient support for Cordero's assertion that U.S. Custom's agents coerced her confession. The agents took numerous steps to ensure that the circumstances surrounding Cordero's detention were not coercive or unduly violative of her privacy. The record indicates that at each stage of the search agents were no more intrusive than necessary in light of the evidence of narcotics trafficking unfolding before them.
 
 
 20
 Where the record indicates that law enforcement officials refrained from physical or psychological coercion, the defendant's alleged susceptibility to coercion is "irrelevant to the due process inquiry into the voluntariness of the confession." United States v. Chischilly, 30 F.3d 1144, 1151 (9th Cir.1994). Accordingly, we need not consider Cordero's argument that her small physical size or susceptibility to coercion rendered her post-arrest statements involuntary.
 
 
 21
 For the foregoing reasons, on all claims the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Section 960 establishes criminal penalties for any person who, inter alia, "contrary to section 952, 953, or 957 of this title knowingly or intentionally imports or exports a controlled substance...." 21 U.S.C. Sec. 960 (emphasis added)