125 F.3d 859
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Uriel HERNANDEZ, Jr., Defendant-Appellant.
 No. 96-50669.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1997.** Pasadena, California
Decided Oct. 2, 1997.
 
 1
 Appeal from the United States District Court for the Southern District of California Napolean A. Jones, District Judge, Presiding
 
 
 2
 Before PREGERSON and HAWKINS, Circuit Judges, and WEINER,*** Senior District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Uriel Hernandez, Jr. appeals his conviction for possession with intent to distribute and import marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 952, 960. We affirm.
 
 
 5
 I. The Government's Reference to Hernandez's Post-Miranda Silence During Direct Examination
 
 
 6
 Hernandez argues that the Government impermissibly referred to his post-Miranda silence during direct examination. Because Hernandez did not object to this line of questioning, we review for plain error. Fed.R.Crim.P. 52(b).
 
 
 7
 For Hernandez to prevail, he must show that there was (1) an error, (2) that was plain, and that (3) affects substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). We may then exercise our discretion to remedy the error if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id.
 
 1. Error Occurred
 
 8
 While Hernandez initially waived his Miranda protections when questioned in the secondary inspection area, he subsequently revoked this waiver by stating "I don't want to," when asked to disclose the identity of the individual who had hired him to drive the van. See United States v. Garcia-Cruz, 978 F.2d 537, 541-42 (9th Cir.1992) ("A suspect may waive his right to remain silent selectively ... [and] also may revoke selectively a previously effected comprehensive waiver."); see also United States v. Branson, 756 F.2d 752, 754 (9th Cir.1985) (observing that to revoke a Miranda waiver, a defendant need only "indicate in some manner that he wishes to remain silent") (internal quotations and citation omitted).
 
 
 9
 Because a prosecutor may not refer to a defendant's invocation of his Miranda privilege, a prosecutor is also barred from referring to the defendant's subsequent revocation of a Miranda waiver. See Branson, 756 F.2d at 754 (finding that because the defendant "succeeded in indicating to the arresting officers he wished to remain silent," he "totally revoked his waiver," and that "[a]ny use of that protected silence is plain error.") The Government's use of a defendant's post-Miranda silence for impeachment "violate[s] the Due Process Clause of the Fourteenth Amendment." United States v. Newman, 943 F.2d 1155, 1157 (9th Cir.1991).
 
 
 10
 In the present case, the Government impermissibly referred to Hernandez's revocation of his Miranda waiver during its direct examination of Special Agent Hoyden and may have compounded the error by referring to this silence during closing argument. See United States v. Kallin, 50 F.3d 689, 693 (9th Cir.1995), as amended, June 6, 1995 ("It does not comport with due process to permit the prosecution during trial to call attention to the defendant's silence.") (quoting Doyle v. Ohio, 426 U.S. 610, 619 (1976)). The district court erred by permitting the Government to refer to Hernandez's post-Miranda silence.
 
 
 11
 2. The Error is "Plain"
 
 
 12
 " 'Plain' is synonymous with 'clear' or, equivalently, 'obvious.' " Olano, 507 U.S. at 734. The prohibition of reference to post-Miranda silence was clearly established by the Supreme Court in Doyle v. Ohio, 426 U.S. 610, 619 (1976). See also Kallin, 50 F.3d at 694 (holding that prosecutor's inference of guilt from defendant's post-Miranda silence constituted Doyle error). Accordingly, the error was sufficiently clear to constitute "plain" error.
 
 
 13
 3. The Error Affected Hernandez's Substantial Rights
 
 
 14
 To "affect substantial rights," the error "must have been prejudicial: It must have affected the outcome of the district court proceedings." Olano, 507 U.S. at 734. The Government concedes that the error was prejudicial. In its brief the Government admits that it "cannot state, in good conscience, that Hernandez'[s] statement was not a crucial part of the evidence used to convict him. The Government does not doubt that evidence of this statement influenced the jury's decision to convict Hernandez." Appellee's Response Brief at 15-16.
 
 
 15
 Because the three plain error prongs are satisfied, this court may exercise its discretion to reverse the conviction if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Piano, 507 U.S. at 732. This court has declined to exercise its discretion to reverse when the evidence against a defendant is "strong and convincing." United States v. Perez, 116 F.3d 840, 848 (9th Cir.1997).
 
 
 16
 While much of the evidence against Hernandez is circumstantial, the weight of the evidence against him is sufficiently strong and convincing to prevent our exercise of discretion to reverse the verdict. Hernandez contradicted himself when he was interrogated, first stating that he had purchased the van, but could not remember where, and later stating that he was being paid $500 to drive the van for someone else. Hernandez drove a van in which was hidden between $29,280 (wholesale value) and $81,984 (street value) of marijuana. Even if he did not know about the presence of the drugs, the fact that he was paid $500 to drive a van worth $700 could be tantamount to willful blindness. See United States v. Jewell, 532 F.2d 697, 700 (9th Cir.1976) (en banc) (concluding that where a defendant is aware of facts indicating a high probability of illegality, but deliberately fails to investigate so that he can remain ignorant, he has knowledge of illegality). Accordingly, we decline to exercise our discretion to reverse Hernandez's conviction.
 
 
 17
 II. Alleged References to Hernandez's Post-Miranda Silence at Trial Made in Closing Argument
 
 
 18
 Hernandez brings a separate challenge alleging that the Government's comments during closing argument--independent of any error on direct examination--constitute error that is not harmless. The Government's comments during closing were not, however, sufficiently extensive to warrant reversal.
 
 
 19
 Hernandez argues that the Government was referring to his Fifth Amendment privilege when it stated during closing argument, "Throughout this entire investigation the defendant has adhered to this code of silence." Hernandez has not established that in making this comment the Government was referring to his silence at trial, as opposed to his refusal to identify others involved in the importation of marijuana. The Government claims and the district court believed that the statement was not meant to refer to Hernandez's failure to testify. While this court has established that a prosecutor's statement is improper if it is either intended to refer to a defendant's silence at trial or if a jury could interpret it as such, United States v. Bagley, 772 F.2d 482, 494 (9th Cir.1985), it is unlikely that a jury would make such a conclusion here. The phrase "Throughout this entire investigation" refers to Hernandez's decision to not answer the customs inspectors' questions, not to his failure to testify. As a result, there was no error related to a reference to Hernandez's failure to testify.
 
 
 20
 Moreover, the Government's comments were not extensive nor is there evidence supporting an acquittal: two requirements for a reversal. "[R]eversal is warranted only where such comment is extensive, where an inference of guilt from silence is stressed to the jury as a basis for the conviction, and where there is evidence that could have supported acquittal." United States v. Hoac, 990 F.2d 1099, 1104 (9th Cir.1993); see also Greer v. United States, 483 U.S. 756, 764 (1987) (declining to find Doyle error after one impermissible question about a defendant's silence, to which the defense immediately objected)
 
 III. Sufficiency of the Evidence
 
 21
 There was sufficient evidence in the present case to support Hernandez's conviction.
 
 
 22
 The mere presence of drugs in the van is sufficient to support the first count of Hernandez's conviction: knowingly and intentionally importing marijuana in violation of 21 U.S.C. §§ 952 and 960. Section 960 provides penalties for any person who "knowingly or intentionally" violates § 952, which prohibits importation of controlled substances. 21 U.S.C. §§ 952, 960 (emphasis added); see also United States v. Meraz-Solomon, 3 F.3d 298, 300 (9th Cir.1993) (noting that § 960 requires a showing of either knowledge or intent, but not both). "This Court has held that knowledge may be reasonably inferred where the defendant drives a car laden' with illegal substances." United States v. Quintero-Barraza, 78 F.3d 1344, 1351 (9th Cir.1995), cert. denied, 117 S.Ct. 135 (1996) (quoting United States v. Savinovich, 845 F.2d 834, 838 (9th Cir.1988). Because the van driven by Hernandez was laden with marijuana, the jury could infer knowledge.
 
 
 23
 There is also sufficient evidence to sustain Hernandez's conviction on the second count: possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The elements of this crime are (1) knowingly (2) possessing a controlled substance (3) with the intent to distribute. QuinteroBarraza, 78 F.3d at 1351. As is true with the knowledge requirement, the "intent to distribute" element may be inferred. United States v. Davila-Escovedo, 36 F.3d 840, 843 (9th Cir.1994) ("A jury may infer intent to distribute from the quantity and value of the drug possessed."), cert. denied, 513 U.S. 1135 (1995). The presence in the present case of marijuana valued at $29,280 is sufficient evidence to support this inference.
 
 
 24
 Hernandez's reliance on United States v. Wiseman, 25 F.3d 862 (9th Cir.1994), does not compel a different result, because that case examined the evidence necessary to support a conviction for conspiracy to possess with intent to distribute marijuana. Id. at 867. Similarly, Hernandez's reliance on United States v. VasquezChan, 978 F.2d 546 (9th Cir.1992), is misplaced. In VasquezChan, the court reversed the conviction of possession of cocaine with intent to distribute. Id. at 553. The court's holding, however, was based upon the fact that there was evidence pointing toward another party's control over the drugs. Id. at 550-51. There is no such evidence in the present case. See United States v. Basinger, 60 F.3d 1400, 1405 n. 1 (9th Cir.1995) (declining to follow Vasquez-Chan in determining that a defendant maintained property for the purpose of manufacturing or distributing drugs, because in Vasquez-Chan there was "affirmative evidence that another occupant of the premises, and not the defendant, in fact exercised dominion and control over the premises and the contraband found there").
 
 
 25
 Accordingly, Hernandez's conviction is: AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 * Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3