134 F.3d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodney ANDERSON, Defendant-Appellant.
 No. 97-50120.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 9, 1998.
Decided Jan. 21, 1998.
 
 Before: LAY,* GOODWIN, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rodney Anderson was convicted of conspiracy with Darryl Henley and others to commit murder-for-hire and three counts of aiding and abetting murder-for-hire; he was also convicted of conspiracy to possess with intent to distribute narcotics; possession with intent to distribute narcotics; and bribery. Anderson appeals his convictions and his 405-month prison sentence.
 
 
 3
 Anderson appeals the district court's refusal to instruct the jury with respect to the defense of duress on the murder-related charges. We conclude that under United States v. LaFleur, 971 F.2d 200 (9th Cir.1991), the defense of duress is unavailable in the case of these charges. In any event, omission of the duress instruction did not prejudice Anderson. First, the jury convicted him on the conspiracy-to-possess-and-distribute-narcotics and the bribery charges, both of which required the government to prove beyond a reasonable doubt that Anderson did not act under duress. The jury's conviction on those charges renders it extremely unlikely that a duress defense with respect to the murder-related charges would have succeeded, notwithstanding the differences in the relevant evidence. See United States v. Alexander, 695 F.2d 398, 401-02 (9th Cir.1982). Second, Anderson failed to present evidence of the requisite elements that would warrant a duress defense instruction. See United States v. Moreno, 102 F.3d 994, 997 (9th Cir.1996) (duress defense requires "1) an immediate threat of death or serious bodily injury, 2) a well-grounded fear that the threat will be carried out, and 3) lack of a reasonable opportunity to escape the threatened harm").
 
 
 4
 With respect to the possession-with-intent-to-distribute charge, the district court did not err by placing the burden of proving duress on Anderson. This was proper because the charge, based on 21 U.S.C. § 841(a)(1), requires only knowledge. When knowledge is the only mental element necessary, "it is not a violation of due process to require a defendant to bear the burden of proving duress by a preponderance of the evidence." United States v. Meraz-Solomon, 3 F.3d 298, 299 (9th Cir.1993) (per curiam).
 
 
 5
 With respect to the conspiracy-to-possess-with-intent-to-distribute charge, Anderson contends that the district court erred because it did not determine that the government bore the burden of proving duress until after closing arguments, in violation of Fed. R. Cr. P. 30. Anderson was in no way prevented from arguing his duress defense due to the judge's initial error. Anderson's counsel never attempted to differentiate between the conspiracy charge and the underlying offense with respect to the burdens, and instead generally argued that Anderson acted under duress. Because knowledge of the final jury instruction would not have changed Anderson's counsel's argument, the error is not prejudicial. See United States v. Gaskins, 849 F.2d 454, 458 (9th Cir.1988) (Rule 30 error reversible when party is unfairly prevented from arguing his or her defense or substantially misled in formulating and presenting arguments).
 
 
 6
 Anderson also contends that the district court erred by refusing to supplement the instructions with respect to aiding and abetting with the following: "In order to be guilty of aiding and abetting another, the alleged aider and abettor must act to assist the alleged perpetrator of the crime in some way, and must also share the same criminal intent with the perpetrator." Because the instructions that were given fairly and adequately described aider-and-abettor liability law and stated that "[t]he evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping Darryl Keith Henley commit the crime of using interstate commerce facilities in connection with a murder-for-hire," we find no error. See U.S. v. Marsh, 26 F.3d 1496, 1502 (9th Cir.1994); see also United States v. Croft, 124 F.3d 1109, 1122 (9th Cir.1997).
 
 
 7
 As to the wiretap evidence, we conclude that any possible error with respect to its admission was harmless because the evidence was minor and unimportant to the outcome of the case. Further, we conclude that the government amply met the necessity requirements for wiretap authorization. Finally, we hold that the district court did not abuse its discretion in allowing the DEA agent to give a two-sentence answer describing the procedures used to receive wiretap authorization and that, in any event, such testimony did not affect the verdict.
 
 
 8
 Anderson also objects to the admission of testimony of DEA Agent Eichenberger about statements made to him by Michael Gambino, a confidential informant. The district court allowed the testimony under the prior consistent statement exception to the hearsay rule noting that Anderson's counsel planned to attack Gambino's credibility. Anderson contends that this admission was improper because Gambino had a motive to lie to the DEA Agent.
 
 
 9
 We conclude that the admission of this testimony did not prejudice Anderson. During closing argument, as well as during cross examination, defense counsel made clear that Gambino had an interest from the outset in aiding Anderson's conviction in return for government favors. Thus, the jury was aware of the improper motives with which it could discredit the hearsay testimony, and that testimony did little if anything to bolster Gambino's credibility. Further, the brief and general hearsay testimony did little to supplement Gambino's detailed direct testimony. Therefore, the admission of the hearsay testimony does not constitute reversible error.
 
 
 10
 Finally, we find no error in Anderson's sentence. First, a two-level enhancement for dangerous-weapon possession was proper because it was not "clearly improbable that the weapon was connected with the offense." U.S. Sentencing Guidelines Manual § 2D1.1(b)(1), comment n. 3. Indeed, there was ample evidence that Anderson's possession of a firearm was in connection with the drug offense, if only because he carried the gun on his person at the time he transported and delivered the drugs. Ample evidence also supported the district court's three-level enhancement on the ground that the murder-related charges involved an "Official Victim." Anderson admitted to knowing that one object of the conspiracy was to murder a public official, yet continued to participate in it and to provide Henley with aid and assistance. Finally, the district court's discretionary decisions not to depart downward are not reviewable on appeal. United States v. Rivera, 996 F.2d 993, 997 (9th Cir.1993).
 
 AFFIRMED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 **
 The Honorable Donald P. Lay, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation