# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

MARICEL FORBES,
　　　　　　*Defendant-Appellant.*

No. 99-4353

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-98-189)

Submitted: November 30, 2000

Decided: January 8, 2001

Before WILKINS, NIEMEYER, and LUTTIG, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

George B. Currin, Robert H. Hale, Jr., Raleigh, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Kenneth F. Whitted, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Maricel Forbes appeals her convictions and sentence for conspiracy to import cocaine in violation of 21 U.S.C. §§ 952 & 963 (1994) and conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 (1994). Finding no reversible error, we affirm.

Forbes raises four issues on appeal: (1) whether sufficient evidence supported her convictions; (2) whether the district court erred in not providing the jury with a unanimity instruction and a special verdict form; (3) whether the district court erred in instructing the jury regarding Forbes' coercion or duress defense; and (4) whether the district court erred in denying Forbes' request for a reduction of her offense level pursuant to *U.S. Sentencing Guidelines Manual* ("USSG") § 3B1.2 (1998).

A reviewing court must uphold a jury's verdict if the evidence, when viewed in the light most favorable to the government, is sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80 (1942). We have reviewed the record and are satisfied that substantial evidence supports Forbes' convictions.

We also find that the district court did not err by not providing the jury with a unanimity instruction and a special verdict form. Because Forbes asserts separate and distinct legal defenses as to each mailing of cocaine, she contends that the district court erred in not instructing the jury to either: (1) unanimously find beyond a reasonable doubt that she knowingly, and with knowledge that the package contained a controlled substance, agreed or conspired to mail the first package containing cocaine; or (2) unanimously find beyond a reasonable doubt that she, knowingly, and without coercion or duress, agreed or conspired to mail the second package of cocaine. Because Forbes did not request a special verdict form and did not object to the jury instructions used at trial on this ground, we review for plain error. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993).

A general unanimity instruction is usually sufficient to support a conviction. *United States v. Davis*, 154 F.3d 772, 783 (8th Cir. 1998), *cert. denied*, 525 U.S. 1161 (1999); *United States v. Russell*, 134 F.3d 171, 176 (3d Cir. 1998). Because of the nature of a conspiracy charge, when the jury agrees that the defendant agreed to commit a crime, "all jurors do not have to agree about which offense the defendant personally intended to commit." *United States v. Narviz-Guerra*, 148 F.3d 530, 534-35 (5th Cir.) (quoting *United States v. Dillman*, 15 F.3d 384, 391-92 (5th Cir. 1994)), *cert. denied*, 525 U.S. 1046 (1998); *see also United States v. Kim*, 196 F.3d 1079, 1083 (9th Cir. 1999). We therefore find that Forbes has failed to demonstrate plain error.

We also find that the district court's jury instruction on duress was not erroneous as a matter of law. Forbes raises two main objections to the jury instruction used at trial. She first claims that the court erred by requiring her to demonstrate that she had not recklessly or negligently placed herself in a situation where she would be forced to commit a crime. Because Forbes did not specifically raise this objection before the district court, we review for plain error. *See Olano*, 507 U.S. at 731-32. Although this Court in *United States v. Crittendon*, 883 F.2d 326 (4th Cir. 1989), upheld an instruction that used only a standard of recklessness, at least four other circuits have upheld the inclusion of a negligence standard. *See United States v. Jankowski*, 194 F.3d 878, 882-83 (8th Cir. 1999); *United States v. Wyly*, 193 F.3d 289, 301 (5th Cir. 1999); *United States v. Riffe*, 28 F.3d 565, 569 (6th Cir. 1994); *United States v. Blanco*, 754 F.2d 940, 943 (11th Cir. 1985). Accordingly, we cannot conclude that the district court committed plain error in this regard.

Forbes also claims that the district court abused its discretion in requiring her to prove duress by a preponderance of the evidence. Based on the reasoning of our sister circuits, we find this claim is without merit. *See, e.g.*, *United States v. Deleveaux*, 205 F.3d 1292, 1298-99 (11th Cir.), *cert. denied*, 120 S. Ct. 2724 (2000); *United States v. Willis*, 38 F.3d 170, 179 (5th Cir. 1994); *United States v. Meraz-Solomon*, 3 F.3d 298, 300 (9th Cir. 1993).

Finally, Forbes contends that she was entitled to a reduction in sentence because she was a minimal or minor participant in the criminal activity. *See* USSG § 3B1.2. Based on our review of the record, how-

ever, we find that Forbes' conduct clearly negates her claim that she was merely a minimal or minor participant.

Accordingly, we affirm her convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*