UNITED STATES of America, Plaintiff—Appellee,

v.

Jeffrey Dean SUMNER, Defendant— Appellant.

No. 03–50166.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2005.

Decided Feb. 24, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before NOONAN, THOMPSON, and HAWKINS, Circuit Judges.

### MEMORANDUM *

Jeffrey Dean Sumner appeals his conviction and the sentence imposed for importation of marijuana and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 952, 960, and 841(a)(1).

■ Sumner argues that his duress defense refutes the knowing element of the offense. Therefore, instead of model jury instruction 6.6 (placing the burden of proving duress on the defendant), the district court should have used model jury instruction 6.5 (requiring the prosecution to prove defendant was not under duress). In *United States v. Meraz– Solomon,* 3 F.3d 298 (9th Cir.1993), this Court concluded:

> Where a statute identifies knowledge as the only mental element necessary for commission of the crime, it is not a violation of due process to require a defendant to bear the burden of proving duress by a preponderance of the evidence. The prosecution is not thereby unconstitutionally relieved of proving its case because duress is an affirmative defense which excuses the defendant's conduct without negating his knowledge.

*Meraz–Solomon,* 3 F.3d at 299 (internal citations omitted). Meraz–Solomon, like Sumner, was convicted of importation of narcotics in violation of § 952 and § 960. The jury instructions as given were correct.

■ A separate ground for affirming is that Sumner's counsel offered proposed

Joseph S. Smith, Jr., Office of The U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Barbara M. Donovan, Law Offices of Barbara M. Donovan, San Diego, CA, Defendant–Appellant.

---

jury instruction No. 8 that provided "Defendant must prove duress by a preponderance of the evidence." This language mirrors that of model jury instruction 6.6 of which Sumner now claims error. Sumner's counsel did not object to the burden being placed on the defendant. "Where the defendant himself proposes the jury instruction he later challenges on appeal, we deny review under the invited error doctrine." *United States v. Baldwin,* 987 F.2d 1432, 1437 (9th Cir.1993). We have long held that jury instructions may be waived by a defendant's attorney. *United States v. Perez,* 116 F.3d 840, 845 n. 7 (9th Cir.1997). Sumner's proposed jury instructions constituted a wavier and his claim is precluded under the invited error doctrine.

Sumner's contention that 21 U.S.C. § 841 and § 960 are facially unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and that *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) overrules *United States v. Buckland,* 289 F.3d 558, 562 (9th Cir.) (en banc), *cert. denied,* 535 U.S. 1105, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002) and *United States v. Mendoza–Paz,* 286 F.3d 1104 (9th Cir.), *cert. denied,* 537 U.S. 1038, 123 S.Ct. 573, 154 L.Ed.2d 459 (2002) is foreclosed by *United States v. Hernandez,* 322 F.3d 592 (9th Cir.2003).

Sumner's further contention that a mens rea requirement applies to the elements of drug type and quantity is foreclosed by *United States v. Carranza,* 289 F.3d 634, 644 (9th Cir.2002) and *Hernandez,* 322 F.3d at 602.

We vacate Sumner's sentences and remand to the district court with direction to resentence in light of *United States v.*

*Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621; *United States v. Fanfan,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); and *United States v. Ameline,* 400 F.3d 646 (9th Cir.2005).

AFFIRMED IN PART; REMANDED FOR SENTENCING.