UNITED STATES of America,
Plaintiff,

v.

EFRAIN GUZMAN–PARRA,
Defendant.

No. 05CR0490–LAB.

United States District Court,
S.D. California.

Dec. 1, 2005.

Christopher P. Tenorio, U.S. Attorneys District of California Criminal Division, San Diego, CA, for Plaintiff.

Siri Shetty, Law Office of Siri Shetty, San Diego, CA, for Defendant.

## ORDER REJECTING FOR FILING *EX PARTE* UNDER SEAL IN LIMINE MOTION AND APPLICATION FOR RULE 17(B) SUBPOENAS.

BURNS, District Judge.

Defendant Efrain Guzman–Parra is charged with being found in the United States after being deported in violation of Title 8, United States Code, § 1326. His trial is set to begin December 13, 2005, and the Court is scheduled to hear motions in limine in the case on December 12, 2005.

On November 30, 2005, the Court received in chambers a pleading captioned "Defendant's *Ex Parte Under Seal* Notice of Motion and Motion In Limine to Admit Evidence of Duress." In brief, the pleading argues in favor of the admissibility of proffered evidence supporting a duress defense, and advocates the giving of Ninth Circuit Model Instruction 6.5. The motion does not contain a Proof of Service, and it does not appear to the Court the motion was served on the plaintiff in this case, the United States of America. The Court rejects the pleading, and orders that it is not to be filed by the Clerk's office.

Whether a defendant has the burden of proving duress by a preponderance of the evidence, or alternatively, whether the government must establish the absence of duress beyond a reasonable doubt, is a question of law. *United States v. Meraz–Solomon,* 3 F.3d 298, 299 (9th Cir.1993). When the burden is on the defendant, he must establish three elements before he is entitled to a jury instruction on duress: (1) an immediate threat of death or serious bodily injury;

(2) a well-grounded fear the threat will be carried out; and (3) lack of reasonable opportunity to escape the threatened harm. *United States v. Becerra*, 992 F.2d 960, 964 (9th Cir.1993). Where the defendant is unable to make a *prima facie* showing of all three elements, the Court should exclude evidence of the duress defense. *Id.; United States v. Contento-Pachon*, 723 F.2d 691, 693 (9th Cir.1984). While a district court may determine the sufficiency of evidence to support a duress defense by a motion in limine, *United States v. Dorrell*, 758 F.2d 427, 430 (9th Cir.1985), by filing his pleading *ex parte* and under seal in this case, the defendant is asking the Court to make the legal determinations respecting the adequacy of his proffered duress defense in what amounts to an *in camera* hearing, without notice to, or the opportunity for, the United States to oppose the motion.

It is unnecessary for the Court to decide in this case whether it has inherent power to grant a litigant an *in camera* hearing, excluding the other litigant party, and to receive proffered evidence for substantive purposes on an issue dispositive of the litigation. If a district court has such power, its invocation would surely require a compelling showing of necessity and its exercise would require sound judicial discretion based on a recognition that exercise of the power virtually obliterates as to one party all of the basic and fundamental rights included in the concept of a fair trial: the right to be present during all important stages of the proceedings; the right to hear testimony or, as here, to be made aware of proffered evidence; the right to test the truth and accuracy of the proffered evidence by cross-examination; the right to present rebuttal evidence; and

the right to be heard in meaningful argument.

In this case, the defendant has made no showing of any compelling need for the Court to consider his motion in limine *in camera*, and the Court finds to do so would be unfair and prejudicial to the fair trial rights of the United States.

Accordingly, defendant's *Ex Parte Under Seal* Motion In Limine is **REJECTED**, without prejudice to refiling provided proper notice is given to the United States.[1]

**IT IS SO ORDERED.**

---

1. Defendant's accompanying *ex parte* application for the issuance of Rule 17(b) subpoenas is also **DENIED** without prejudice. Absent a determination by the Court that the defendant may present a duress defense, there is no good cause shown for the issuance of the requested subpoenas.