NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARA BARBER; et al., | No. 18-15149 |
| Plaintiffs-Appellees, | D.C. No. 1:14-cv-00217-HG-KSC |
| v. | |
| OHANA MILITARY COMMUNITIES, LLC and FOREST CITY RESIDENTIAL MANAGEMENT, INC., | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted June 22, 2018[**]
San Francisco, California

Before: FISHER, PAEZ, and NGUYEN, Circuit Judges.

Ohana Military Communities, LLC and Forest City Residential

Management, Inc. ("Defendants") appeal the denial of their motion for preliminary

injunction and motion to disqualify counsel. We have jurisdiction pursuant to 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. §§ 1291 & 1292(a)(1) and reverse.

1.     Defendants seek to enjoin Barber's online activities that they contend violate the non-disparagement and non-participation provisions of the parties' settlement agreement. In denying Defendants' preliminary injunction motion, the district court relied *solely* on our July 27, 2017 memorandum disposition. We must therefore clarify the scope of our previous ruling.

The prior appeal concerned the only issue the district court addressed in its August 26, 2016 order: whether a preliminary injunction was warranted for Barber's violation of the confidentiality provision. In fact, the district court explicitly limited its ruling to the confidentiality provision, reserving ruling on the non-disparagement provision for another day.[1] We concluded that Barber's violations of the confidentiality provision "were relatively mild" and unlikely to cause irreparable harm. No. 16-16688, Dkt. 51 at 3. Moreover, "[m]ost of her online postings . . . did not appear to violate the confidentiality provision." *Id.* We therefore vacated the preliminary injunction, but expressly declined to "consider whether Barber violated the non-disparagement provision of the settlement agreement, as the district court [had] not reach[ed] that issue." *Id.* at n.1. Nor could we have considered that issue without the benefit of factual findings and a

---

[1] The district court did not mention the non-participation provision at all.

2

ruling on it from the district court.[2]  Thus, the district court erred when it interpreted our prior disposition as holding that the entire record failed to demonstrate a likelihood of irreparable harm for all relevant settlement provisions instead of limiting our ruling to the confidentiality provision.

2.      Defendants also appeal the district court's order summarily denying their motion to disqualify counsel because it concluded it lacked subject matter jurisdiction.  Defendants seek to disqualify Barber's counsel for alleged conflicts of interest stemming from the solicitation letter counsel sent to prospective class members and Barber's involvement in that process.  This disqualification motion apparently arises from some of the same conduct for which Defendants sought a preliminary injunction—namely, Barber's involvement in soliciting additional clients for the firm, which Defendants allege violates the non-participation provision.  Barber's conduct was properly before the district court pursuant to its retention of jurisdiction over issues related to the settlement agreement and brought to its attention prior to August 25, 2016.  *See* No. 16-16688, Dkt. 51 at 2; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).  Because the district court has jurisdiction over Barber's conduct, it might be able to exercise inherent and/or ancillary jurisdiction over the issue of counsel's alleged related misconduct involving improper solicitation.  *See Erickson v. Newmar Corp.*, 87

---

[2] The same is true of the non-participation provision.

3

F.3d 298, 303 (9th Cir. 1996); *Jackson v. United States*, 881 F.2d 707, 709–10 (9th Cir. 1989).

We express no opinion on the merits of Defendants' arguments regarding the district court's jurisdiction over the motion to disqualify; we do, however, hold that the district court erred in concluding that our prior disposition barred it from entertaining them. We ruled that the district court "retained jurisdiction to adjudicate any purported violations of the settlement agreement brought to its attention prior to" August 25, 2016. No. 16-16688, Dkt. 51 at 2. We noted that matters "pertaining to the settlement agreement" which were not raised during the six-month window of jurisdiction the court created were off the table, since a district court does not have the inherent power to enforce settlement agreements. *See id.*; *Kokkonen*, 511 U.S. at 380–81. Because our prior disposition was limited to matters pertaining to the settlement agreement and did not speak to any issues that may have arisen outside of, or ancillary to, those matters, the district court should have considered Defendants' motion to disqualify. *See United States v. Kellington*, 217 F.3d 1084, 1092–94 (9th Cir. 2000).[3]

---

[3] We note that it appears the district court recognized counsel's possible conflicts prior to August 26, 2016, when it stated that "[r]eview of the issues in the preliminary injunction have raised questions about a possible conflict between Plaintiff Cara Barber and her attorneys." In that case, it is possible the conflicts may be subsumed by the retention of jurisdiction upheld in our prior disposition as pertaining to the settlement agreement and arising by August 25, without the need for inherent or ancillary jurisdiction.

\* \* \*

With this clarification of the scope of our prior disposition, we leave it to the district court on remand to consider Defendants' preliminary injunction and disqualification motions in the first instance.

**REVERSED.**